1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900 – Telephone
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8

9                       UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  BAY AREA PAINTERS AND TAPERS          Case No.:  C11-0418 SI
    PENSION TRUST FUND, et al.,
12                                        **JUDGMENT PURSUANT TO**
        Plaintiffs,                       **STIPULATION**
13
            v.
14
    AIC PAINTING CORPORATION, a California
15  Corporation; MARK DALE BOHN, Individually
    and *dba* AIC PAINTING,
16
        Defendants.
17

18

19      IT IS HEREBY STIPULATED (the "Stipulation" of "Judgment") by and between the

20  parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs BAY

21  AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or

22  "Trust Funds") and against Defendants AIC PAINTING CORPORATION, a California

23  Corporation, and/or alter egos and/or successor entities (collectively "AIC Painting" or

24  "Defendants"), as follows:

25      1.      Defendants entered into a valid Collective Bargaining Agreement with the

26  District Council 16 of the International Union of Painters and Allied Trades (hereinafter

27  "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to

28  the present time.

1

JUDGMENT PURSUANT TO STIPULATION
Case No.: C11-0418 SI
P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc

2.      Defendants have become indebted to the Trust Funds as follows:

| | | | | |
|---|---|---|---|---|
| 1/07-2/11 Contributions/Contribution balances * | | | $64,789.91 | |
| Liquidated Damages (through 7/11 contributions) * | | | $43,328.03 | |
| 5% p/a Interest (through 2/29/12) * | | | $6,498.44 | |
| | | | | **$114,616.38** |
| Audit (8/1/09-3/31/11) | Underpayments | $92,897.58 | | |
| | 5%/p/a Interest (to 6/30/11) | $4,194.11 | | |
| | Additional interest (7/1/11-2/29/12) | $3,105.09 | | |
| | Liquidated Damages ** | $18,579.52 | | |
| | Testing Fees | $3,365.00 | | |
| | | | $122,141.30 | |
| *Credit (duplicative entries)* | | | <$58,980.72> | |
| | | | | **$63,160.58** |
| *SUB-TOTAL* | | | | *$177,776.96* |
| | | | | |
| Attorneys' Fees (10/7/10-2/28/12) | | | $17,083.00 | |
| Costs (to 11/29/11) | | | $677.46 | |
| *SUB-TOTAL* | | | | *$17,760.46* |
| | | | | |
| **TOTAL** | | | | **$195,537.42** |

   *   See *Exhibit A* hereto.
   ** Liquidated damages in the audit are shown as $750.00; however, liquidated damages
      increase to 20% upon litigation.

3.      Defendants shall ***conditionally*** pay the amount of **$133,629.87**, representing all of the above amounts, less liquidated damages in the amount of **$61,907.55**. ***This waiver is expressly conditioned upon the Trustees' approval.***

(a)      All payments hereunder shall be made by AIC Painting Corporation, a California corporation.  It is expressly agreed that this in no way constitutes a waiver of any rights Plaintiffs have to claim that the two "AIC" related Defendants are successors/single employers/ alter egos, and in no way affects the assessment of withdrawal liability, if applicable. Moreover, this does not constitute a waiver of Plaintiffs right to collect the amounts enumerated herein from Defendant Mark Dale Bohn if Defendant AIC Painting Corporation defaults under the terms of the Stipulation herein.

///

///

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**
P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc

1          (b)  Beginning on or before April 10, 2012, and continuing on or before the 10th

2  day of each month thereafter for a period of twenty-five (25) months through April 10, 2014,

3  Defendants shall make graduated payments to Plaintiffs as follows:

4          (i)  April 10, 2012 through May 10, 2012 (2 months): **$3,000.00**;

5          (ii)  June 10, 2012 through September 10, 2012 (4 months): **$4,000.00**;

6          (iii)  October 10, 2012 through December 10, 2012 (3 months): **$5,000.00**;

7          (iv)  January 10, 2013 through April 10, 2014 (16 months): **$7,000.00**.

8          (c)  Payments may be made by joint check, cashier's check or other irrevocable

9  form of payment to be endorsed prior to submission.

10          (d)  Defendants shall have the right to increase the monthly payments at any

11  time and there is no penalty for prepayment;

12          (e)  Payments shall be applied first to unpaid interest and then to unpaid

13  principal. The interest will be calculated from the date of the last payment, to the date of the

14  current payment. Each payment by Defendant will be applied first to the portion of interest

15  between payments, with the remainder applied to the principal balance due. Attached to this

16  agreement as ***Exhibit B*** is an estimated allocation schedule, outlining how each payment made

17  shall be applied. This schedule is only an estimate, and assumes that each and every payment

18  herein is received on the due date. Any variations will change the allocation. Defendants have the

19  right, at any time, to request a summary of payment application to date.

20          The unpaid principal balance shall bear interest at the rate of 5% per annum, <u>from

21  March 1, 2012</u>, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust

22  Agreements.  Each payment shall be applied first to interest that has accrued since the last

23  payment, and then to principal, so that each individual payment will pay interest as well as a

24  portion of the principal balance due.  Defendants may ask for a payout demand at any time, which

25  will include interest that has or will accrue until the date the final payment is made only

26          (f)  Checks shall be made payable to the "*District Council 16 Northern*

27  *California Trust Funds*," and delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law

28  Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other

1    address as may be specified by Plaintiffs, to be <u>received</u> on or before the 10th day of each month;

2    (g)    Defendants shall pay all additional costs and attorneys' fees incurred by

3    Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to

4    Plaintiffs under this Stipulation, regardless of whether or not there is a default herein. Assuming

5    that Defendants fully comply with the terms of this Stipulation in all respects, in a timely manner,

6    this amount is estimated to not exceed $200.00 per month. Notwithstanding this, the parties

7    acknowledge that additional fees and costs have been incurred since February 28, 2012, that have

8    yet to be included in the Stipulation and are not included in the $200.00 per month estimate.

9    (h)    Prior to April 10, 2014, the deadline for Defendants' last monthly payment

10   toward the conditional balance owed under the Stipulation, Plaintiffs shall notify Defendants in

11   writing of the final amount due, including interest and additional attorneys' fees and

12   costs, as well as any other amounts due under the terms herein. All additional amounts due

13   pursuant to the provisions hereunder shall be paid in full with the final stipulated payment.

14   (i)    At the time Defendants make their last monthly payment toward the

15   conditional balance owed under the Stipulation, Defendants may submit a written request for a

16   waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson

17   Law Corporation with that payment. Defendants will thereafter be advised as to whether or not the

18   waiver has been granted.  If Defendants have timely complied with the terms of the Stipulated

19   Judgment in all respects during the entire payment period, the liquidated damages will be waived.

20   If the waiver is granted, upon bank clearance of Defendants' last payment of the

21   conditional balance and confirmation that Defendants' account is otherwise current, Plaintiffs will

22   file a Notice of Satisfaction of Judgment with the Court. However, if the waiver is denied,

23   monthly payments will continue until all liquidated damages not waived have been paid.

24   (j)    Failure to comply with any of the above terms shall constitute a default of

25   the obligations under this Agreement and the provisions of ¶12 shall apply.

26   4.    Beginning with contributions due for hours worked by Defendants' employees

27   during the month of March 2012, which are due on April 15, 2012 and will be delinquent if not

28   received by April 30, 2012, and for every month thereafter, Defendants shall remain current in

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**
P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc

1   reporting and payment of any contributions due to Plaintiffs under the current Collective

2   Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and

3   the Declarations of Trust as amended. Defendants shall submit a copy of the contribution report

4   for each month, together with a copy of that payment check, either by email to both

5   mstafford@sjlawcorp.com and vanessa@sjlawcorp.com, or by facsimile to Michele R. Stafford at

6   415-882-9287, or to such other email address or fax number as may be specified by Plaintiffs,

7   prior to or concurrent with sending the payment to the Trust Fund office. Failure by Defendants to

8   timely submit copies of current contribution reports and payments to Michele R. Stafford as

9   described above shall constitute a default of the obligations under this agreement.

10          5.      Defendants shall make full disclosure of all jobs on which they are working by

11   providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the

12   name and address of job, general contractor information, certified payroll if a public works job,

13   and period of work. Defendants shall submit said updated list each month together with the

14   contribution report (as required by this Stipulation) either by email to both

15   mstafford@sjlawcorp.com and vanessa@sjlawcorp.com, or by facsimile to Michele R. Stafford at

16   415-882-9287. This requirement remains in full force and effect regardless of whether or not

17   Defendants have ongoing work. In this event, Defendants shall submit a statement stating that

18   there are no current jobs. A blank job report form is attached hereto as *Exhibit C* for Defendants'

19   use. To the extent that Defendants are working on a Public Works job, or any other job for which

20   Certified Payroll Reports are required, at Plaintiffs' request, copies of said Reports will be emailed

21   or faxed to Michele R. Stafford, concurrently with their submission to the general contractor,

22   owner or other reporting agency. Failure by Defendants to timely submit updated job lists shall

23   constitute a default of the obligations under this agreement.

24          Plaintiffs agree not to contact the general contractors on the jobs listed regarding

25   Defendant, unless Defendant is not current with its obligations under the terms of this Agreement.

26   To the extent that Plaintiffs are contacted by a general contractor directly, Plaintiffs will advise

27   Defendant through their counsel of record before responding.

28

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**
P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc

6.      Failure by Defendants to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

7.      Audit: Should the Trust Funds request an audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendants to comply with said request shall constitute a default of the obligations under this Agreement.  Said audit may be requested either by "regular" scheduled audit or by special audit, but not both within a 12 month period.

(a)      In the event that Defendants have an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendants by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees.

(b)      Defendants will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendants do not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford.

(c)      If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If no such revisions are made, Defendant is current in its obligations under the Stipulation, and Defendant continues to contest the audit, the parties shall continue to negotiate a resolution. If Defendant is in default, that has not been cured, payment will be immediately due.

6

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**

1    (d)    If revisions are made to said audit as a result of the dispute, payment in full

2  of the revised amount shall be due within ten (10) days of the revised billing.

3    (e)    If Defendants are unable to make payment in full, Defendants may submit a

4  written request to revise this Judgment, modifying the payment plan (by monthly amount and/or

5  payment term), to add the amounts found due in the audit to this Judgment, subject to the terms

6  herein. If the Judgment is so revised, Defendants shall execute the Amended Judgment or

7  Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended

8  Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a

9  default of the terms herein.

10    (f)    Failure by Defendants to submit either payment in full or a request to add

11  the amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall

12  constitute a default of the obligations under this agreement. All amounts found due on audit shall

13  immediately become part of this Judgment.

14    8.    In the event that any check is not timely submitted, is submitted by Defendants but

15  fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are

16  responsible, this too shall be considered to be a default on the Judgment entered. If Defendants fail

17  to submit their contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or

18  fails to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

19    9.    CHRISTINE ANN PATRACUOLA further acknowledges that she is the

20  RMO/CEO/President of AIC PAINTING CORPORATION, and that she is authorized to enter

21  into this Stipulation on its behalf.

22    10.    CHRISTINE ANN PATRACUOLA ("Guarantor") acknowledges that she is

23  personally guaranteeing all amounts due under the terms of the Stipulation. Defendants/Guarantor

24  and all successors in interest, assignees, and affiliated entities (including, but not limited to parent

25  or other controlling companies), and any companies with which Defendants join or merge, if any,

26  shall also be bound by the terms of this Stipulation as Guarantor. This shall include any additional

27  entities in which CHRISTINE PATRACUOLA is an officer, owner and possesses any controlling

28  ownership interest, including, but not limited to, CAP Designs and Pacific Lines Fencing,

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**
P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc

Defendants, Guarantor, and all such entities specifically consent to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase, as well as all other terms herein.

In the event that Defendant AIC PAINTING CORPORATION and its guarantor, CHRISTINE PATRACUOLA default under the terms herein, and do not cure said default within the prescribed time period, Plaintiffs expressly retain the right to pursue MARK DALE BOHN individually, and dba AIC Painting for the full amount remaining due, plus any additional amounts due under the terms herein, as set forth in Paragraph 12 below.

11. If a default occurs, Plaintiffs shall make a written demand, sent to Defendants/Guarantor care of their attorney Roger M. Mason Esq., by first class mail and by email to rmason@smwb.com to cure said default. A copy of said Default notice shall also be sent to Christina Patracuola, at aicpainting@sbcglobal.net. Default will only be cured by the issuance of a replacement, cashier's check (if the default is caused by a failed check) to be delivered to Saltzman and Johnson Law Corporation *within seven (7) days* of the date of the notice from Plaintiffs. If Defendants/Guarantor elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check.

12. In the event the default is not cured, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

(a) The entire amount of **$195,537.42**, plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action, including those identified under section (d) below;

(b) A Writ of Execution may be obtained against Defendants/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants/Guarantor and the balance due and

1  owing as of the date of default. <u>Defendants/Guarantor specifically consent to the authority of a</u>

2  <u>Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of</u>

3  <u>Execution;</u>

4          (c)     Defendants/Guarantor waive notice of Entry of Judgment and expressly

5  waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized

6  representative of Plaintiffs as to the balance due and owing as of the date of default shall be

7  sufficient to secure the issuance of a Writ of Execution;

8          (d)     Defendants/Guarantor shall pay all additional attorneys' fees and costs

9  incurred by Plaintiffs in connection with this matter, including those incurred for collection and

10  allocation of the amounts owed by Defendants to Plaintiffs under this Stipulation. The additional

11  attorneys' fees and costs shall be paid by Defendants/Guarantor as set forth above, regardless of

12  whether or not Defendant default under the terms of this Stipulation.

13      13.     Any failure on the part of the Plaintiffs to take any action against

14  Defendants/Guarantor as provided herein in the event of any breach of the provisions of this

15  Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants/Guarantor of

16  any provisions herein.

17      14.     In the event of the filing of a bankruptcy petition by Defendants/Guarantor, the

18  parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

19  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

20  and shall not be claimed as a preference under 11 U.S.C. Section 547 or otherwise.

21  Defendants/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

22      15.     This Stipulation is limited to the agreement between the parties with respect to the

23  delinquent contributions and related sums enumerated herein, owed by Defendants to the

24  Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.

25  Defendants acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal

26  liability claims, if any, against all named Defendants as provided by the Plaintiffs' Plan

27  Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the

28  law.

16.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

17.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

18.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

19.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

20.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

Dated:  April 4, 2012                     **AIC PAINTING CORPORATION**

                                         By:
                                              /S/ Christine Ann Patracuola
                                              Christine Ann Patracuola, its RMO/CEO/President

Dated:  April 4, 2012                     **CHRISTINA ANN PATRACUOLA**


                                              /S/ Christine Ann Patracuola
                                              Christine Ann Patracuola, as Individual Guarantor


Dated:  April 4, 2012                     **SALTZMAN AND JOHNSON LAW CORPORATION**


                                         By:   /S/Michele R. Stafford
                                              Michele R. Stafford
                                              Attorneys for Plaintiffs
                                              Bay Area Painters & Tapers Trust Funds

10

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**

1    APPROVED AS TO FORM:

2    Dated:  April 4, 2012                    **SWEENEY, MASON, WILSON &**
                                              **BOSOMWORTH**

3

4                                By:    /S/Roger E. Mason
                                        Roger E. Mason
5                                       Attorneys for Defendants

6    IT IS SO ORDERED.

7    IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall
     retain jurisdiction over this matter.

8
                          4/6
9    Dated: _____, 2012
                                              _____
10                                            THE HONORABLE SUSAN ILLSTON
                                              UNITED STATES DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                            11
                                              **JUDGMENT PURSUANT TO STIPULATION**
                                              **Case No.: C11-0418 SI**
     P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc

# Exhibit A

## Judgment Pursuant to Stipulation

Notes:  Liquidated damages calculated at 10% of contributions through 3/09 contributions due. From 4/09 contributions due forward, LDs are calculated at 10% of contributions, with a minimum of $150 and not to exceed $750.  Liquidated damages increase to 20% of contributions after litigation (here 8/10 contributions onward).

Interest is calculated at 7% p/a through 3/09 contributions due, and at 5% p/a thereafter, through February 29, 2012.

| Date | Item | Amount | Balance |
|---|---|---:|---:|
| 1/07 | Contribution balance | | $7.94 |
| 3/07 | Liquidated damages | $2,055.38 | |
| | Interest | $3.94 | |
| | | | $2,059.32 |
| 4/07 | Interest[1] | | $275.45 |
| 5/07 | Contributions[1] | $3,019.41 | |
| | Liquidated damages | $564.29 | |
| | Interest | $1,022.25 | |
| | | | $4,605.95 |
| 6/07 | Liquidated damages | $94.45 | |
| | Interest | $11.77 | |
| | | | $106.22 |
| 8/07 | Liquidated damages | $896.12 | |
| | Interest | $3.44 | |
| | | | $899.56 |
| 10/07 | Liquidated damages | $1,187.26 | |
| | Interest | $159.38 | |
| | | | $1,246.64 |
| 11/07 | Liquidated damages | $2,245.43 | |
| | Interest | $228.23 | |
| | | | $2,473.66 |
| 12/07 | Liquidated damages | $2,409.80 | |
| | Interest | $101.67 | |
| | | | $2,511.47 |
| 1/08 | Liquidated damages | $1,849.41 | |
| | Interest | $46.30 | |
| | | | $1,895.71 |
| 2/08 | Liquidated damages | $1,710.21 | |
| | Interest | $76.62 | |
| | | | $1,786.83 |
| 3/08 | Liquidated damages | $1,887.72 | |
| | Interest | $50.68 | |
| | | | $1,938.40 |
| 4/08 | Liquidated damages | $1,381.68 | |
| | Interest | $37.10 | |
| | | | $1,418.78 |
| 5/08 | Liquidated damages | $830.57 | |
| | Interest | $25.49 | |
| | | | $856.06 |
| 6/08 | Liquidated damages | $1,414.01 | |

| | | | |
|---|---|---|---|
| 1 | | Interest | $43.39 | |
| | | | | $1,457.40 |
| 2 | 7/08 | Liquidated damages | $914.40 | |
| | | Interest | $43.84 | |
| 3 | | | | $958.24 |
| 4 | 8/08 | Liquidated damages | $974.57 | |
| | | Interest | $26.17 | |
| 5 | | | | $1,000.74 |
| | 9/08 | Liquidated damages | $569.65 | |
| 6 | | Interest | $17.48 | |
| | | | | $587.13 |
| 7 | 10/08 | Liquidated damages | $770.60 | |
| | | Interest | $23.65 | |
| 8 | | | | $794.25 |
| | 11/08 | Liquidated damages | $1,290.75 | |
| 9 | | Interest | $39.61 | |
| | | | | $1,330.36 |
| 10 | 12/08 | Liquidated damages | $374.62 | |
| | | Interest | $10.78 | |
| 11 | | | | $385.40 |
| | 3/09 | Liquidated damages | $1,271.54 | |
| 12 | | Interest | $22.64 | |
| | | | | $1,294.18 |
| 13 | 4/09 | Liquidated damages | $750.00 | |
| | | Interest | $3.64 | |
| 14 | | | | $753.64 |
| | 5/09 | Liquidated damages | $750.00 | |
| 15 | | Interest | $9.54 | |
| | | | | $759.54 |
| 16 | 7/09 | Contributions[1] | $2,822.00 | |
| | | Liquidated damages | $282.20 | |
| 17 | | Interest | $352.17 | |
| | | | | $3,456.37 |
| 18 | 8/09 | Contributions[1] | $3,029.50 | |
| | | Liquidated damages | $302.95 | |
| 19 | | Interest | $365.62 | |
| | | | | $3,698.07 |
| 20 | 9/09 | Contributions[1] | $1,981.62 | |
| | | Liquidated damages | $198.16 | |
| 21 | | Interest | $230.74 | |
| | | | | $2,410.52 |
| 22 | 10/09 | Liquidated damages[1] | $180.53 | |
| | | Interest | $87.29 | |
| 23 | | | | $267.82 |
| 24 | 11/09 | Contribution balance[1] | $643.42 | |
| | | Liquidated damages | $150.00 | |
| 25 | | Interest | $87.14 | |
| | | | | $880.56 |
| 26 | 12/09 | Liquidated damages | $150.00 | |
| | | Interest | $49.05 | |
| 27 | | | | $199.05 |
| | 2/10 | Liquidated damages | $150.00 | |
| 28 | | | | |

13

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**
P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc

| | | | |
|---|---|---|---|
| | Interest | $0.49 | |
| | | | $150.49 |
| 3/10 | Liquidated damages | $150.00 | |
| | Interest | $4.56 | |
| | | | $154.56 |
| 6/10 | Contributions[2] | $170.00 | |
| | Liquidated damages | $750.00 | |
| | Interest | $52.21 | |
| | | | $972.21 |
| 7/10 | Liquidated damages[3] | $219.26 | |
| | Interest | $16.52 | |
| | | | $235.78 |
| 8/10 | Contribution balance[4] | $3,277.76 | |
| | Contributions[5] | $2,663.69 | |
| | Liquidated damages | $1,188.29 | |
| | Interest | $343.58 | |
| | | | $7,473.32 |
| 9/10 | Contributions[4] | $9,004.32 | |
| | Contributions[6] | $2,632.85 | |
| | Liquidated Damages | $2,327.43 | |
| | Interest | $744.79 | |
| | | | $14,709.39 |
| 10/10 | Contribution balance[7] | $3,620.96 | |
| | Contributions[8] | $5,727.48 | |
| | Liquidated Damages | $1,869.69 | |
| | Interest | $538.33 | |
| | | | $11,756.46 |
| 11/10 | Contributions[7] | $4,954.52 | |
| | Contributions[9] | $4,680.24 | |
| | Liquidated Damages | $1,926.95 | |
| | Interest | $559.61 | |
| | | | $12,121.32 |
| 1/11 | Contributions[10] | $3,438.36 | |
| | Liquidated Damages | $1,031.14 | |
| | Interest | $179.92 | |
| | | | $4,649.42 |
| 2/11 | Contributions[11] | $13,115.84 | |
| | Liquidated Damages | $4,212.61 | |
| | Interest | $603.36 | |
| | | | $17,931.81 |
| 6/11 | Liquidated Damages | | $1,513.12 |
| 7/11 | Liquidated Damages | | $533.24 |
| **TOTAL** | | | **$114,616.38** |

[1] Check stubs for J. Masterson
[2] Check stubs for F. Solis
[3] Check stubs for J. Eldrege
[4] Check stubs for J. Eldrege, J. Solis, C. Rodriguez Jr.
[5] Additional hours for C. Barney, M. Solis, J. Eldrege, C. Rodriguez Jr.
[6] Additional hours for J. Eldrege, M. Solis, C. Horton, A. Gonzalez
[7] Check stubs for J. Solis, C. Rodriguez
[8] Additional hours for J. Solis, C. Horton, A. Gonzalez, C. Longoria
[9] Additional hours for C. Rodriguez, A. Gonzalez, C. Longoria
[10] Additional hours for C. Diaz, N. Sergio
[11] Additional hours for M. Bello, C. Diaz, I. Martinez, Munoz Jr., S. Navarrette, J. Perez, V. Soto

14

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**

# EXHIBIT B

## CASE COLLECTIONS SUMMARY

## AIC PAINTING CORPORATION

**JUDGMENT PURSUANT TO STIPULATION (*USDC Case No.: C11-0418 SI*)**

---

### DISCLAIMER
**This summary has been prepared at Defendant's request and is for information purposes only.
The calculations in this chart assume that Defendant timely pays the correct amounts required, exactly on the due date, and that all checks clear the bank.**

---

A. Total Judgment: **$195,537.42**
B. Conditional LD Waiver: $61,907.55
C. Conditional Amount: **$133,629.87**
D. Conditional Payments: 4/10/12-5/10/12: $3,000
6/10/12-9/10/12: $4,000
10/10/12-12/10/12: $5,000
1/10/13-4/10/14: $7,000
E. Interest **5% from March 1, 2012**

| Source | Pymt. No. | Due Date | Date Paid | # of Days | Amount Paid | Amount of Interest Paid | Amount of Principal Paid | Balance Due |
|---|---|---|---|---|---|---|---|---|
| | 1 | 4/10/12 | 4/10/12 | 41 | $3,000.00 | $750.52 | $2,249.48 | $131,380.39 |
| | 2 | 5/10/12 | 5/10/12 | 30 | $3,000.00 | $539.92 | $2,460.08 | $128,920.31 |
| | 3 | 6/10/12 | 6/10/12 | 31 | $4,000.00 | $547.47 | $3,452.53 | $125,467.78 |
| | 4 | 7/10/12 | 7/10/12 | 30 | $4,000.00 | $515.62 | $3,484.38 | $121,983.40 |
| | 5 | 8/10/12 | 8/10/12 | 31 | $4,000.00 | $518.01 | $3,481.99 | $118,501.41 |
| | 6 | 9/10/12 | 9/10/12 | 31 | $4,000.00 | $503.23 | $3,496.77 | $115,004.64 |
| | 7 | 10/10/12 | 10/10/12 | 30 | $5,000.00 | $472.62 | $4,527.38 | $110,477.26 |
| | 8 | 11/10/12 | 11/10/12 | 31 | $5,000.00 | $469.15 | $4,530.85 | $105,946.41 |
| | 9 | 12/10/12 | 12/10/12 | 30 | $5,000.00 | $435.40 | $4,564.60 | $101,381.81 |
| | 10 | 1/10/13 | 1/10/13 | 31 | $7,000.00 | $430.53 | $6,549.47 | $94,832.34 |
| | 11 | 2/10/13 | 2/10/13 | 31 | $7,000.00 | $402.71 | $6,597.29 | $88,235.05 |
| | 12 | 3/10/13 | 3/10/13 | 28 | $7,000.00 | $338.44 | $6,661.56 | $81,573.49 |

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**
P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc

| Source | Pymt. No. | Due Date | Date Paid | # of Days | Amount Paid | Amount of Interest Paid | Amount of Principal Paid | Balance Due |
|---|---|---|---|---|---|---|---|---|
| | 13 | 4/10/13 | 4/10/13 | 31 | $7,000.00 | $346.41 | $6,653.59 | $74,919.90 |
| | 14 | 5/10/13 | 5/10/13 | 30 | $7,000.00 | $307.89 | $6,692.11 | $68,227.79 |
| | 15 | 6/10/13 | 6/10/13 | 31 | $7,000.00 | $289.73 | $6,710.27 | $61,517.52 |
| | 16 | 7/10/13 | 7/10/13 | 30 | $7,000.00 | $252.81 | $6,747.19 | $54,770.33 |
| | 17 | 8/10/13 | 8/10/13 | 31 | $7,000.00 | $232.59 | $6,767.41 | $48,002.92 |
| | 18 | 9/10/13 | 9/10/13 | 31 | $7,000.00 | $203.85 | $6,796.15 | $41,206.77 |
| | 19 | 10/10/13 | 10/10/13 | 30 | $7,000.00 | $169.34 | $6,830.66 | $40,526.11 |
| | 20 | 11/10/14 | 11/10/14 | 31 | $7,000.00 | $172.10 | $6,827.90 | $33,698.21 |
| | 21 | 12/10/14 | 12/10/14 | 30 | $7,000.00 | $138.49 | $6,861.51 | $26,836.70 |
| | 22 | 1/10/14 | 1/10/14 | 31 | $7,000.00 | $113.96 | $6,886.04 | $19,950.66 |
| | 23 | 2/10/14 | 2/10/14 | 31 | $7,000.00 | $84.72 | $6,915.28 | $13,035.38 |
| | 24 | 3/10/14 | 3/10/14 | 28 | $7,000.00 | $50.00 | $6,500.00 | $6,535.38 |
| | 25 | 4/10/14 | 4/10/14 | 31 | $6,563.13 * | $27.75 | $6,535.38 | $0.00 |

* Plus additional attorneys' fees and costs.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**
P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc

1

2

## *EXHIBIT C*

3

### *JOB REPORT FORM*
**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287
on the 15th day of each month \*\*\***

4

Employer Name: **AIC PAINTING CORPORATION**

5

Report for the month of _____   Submitted by (print name):

6

| Project Name: | | |
|---|---|---|
| Project Address: | | |
| Owner name: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | | Date of Contract: |
| Total Value of Contract: | | |
| Work Start Date: | | Work Completion Date: |

7

8

9

10

11

12

| Project Name: | | |
|---|---|---|
| Project Address: | | |
| Owner Name: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | | Date of Contract: |
| Total Value of Contract: | | |
| Work Start Date: | | Work Completion Date: |

13

14

15

16

17

18

19

| Project Name : | | |
|---|---|---|
| Project Address: | | |
| Owner Name: | | |
| General Contractor: | | |
| General Contractor Address/Tel. #: | | |
| Contract #: | | Date of Contract: |
| Total Value of Contract: | | |
| Work Start Date: | | Work Completion Date: |

20

21

22

23

24

25

*\*\*\* Attach additional sheets as necessary \*\*\**

26

27

28

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C11-0418 SI**
P:\CLIENTS\PATCL\AIC3\Pleadings\Complaint 2011\Stipulations\C11-0418 SI Judgment Pursuant to Stipulation 022712.doc